# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re ) | |
| ) | JUDGE RICHARD L. SPEER |
| John Ziegler ) | |
| ) | Case No. 08-3034 |
| Debtor(s) ) | |
| ) | (Related Case: 07-34699) |
| Louis Yoppolo, Trustee ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Jaynee Schwenker, et al. ) | |
| ) | |
| Defendant(s) ) | |

## MEMORANDUM OPINION AND DECISION

This cause comes before the Court on the Motion of the Plaintiff/Trustee, Louis J. Yoppolo, for Summary Judgment and Memorandum in Support. The Plaintiff's Motion for Summary Judgment is brought in support of his Complaint to Sell Jointly-Owned Property. Neither the Debtor nor the Defendants filed a response to the Plaintiff's Motion for Summary Judgment. The Court has now had the opportunity to review all of the materials relevant to this matter, and finds, for the reasons set forth herein, that the Plaintiff's Motion for Summary Judgment should be Granted.

## FACTS

On October 28, 2007, the Debtor, John M. Ziegler, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In his bankruptcy schedules, the Debtor

Louis Yoppolo, Trustee v. Jaynee Schwenker, et al.
Case No. 08-3034

listed unsecured debts totaling $65,715.77. On the date the petition was filed, the Debtor held a one-sixth remainder interest in certain real property located in Michigan. The Defendants to this action, Jaynee M. Schwenker, Jill M. Ziegler-Rasche, Joseph M. Ziegler, Jeffrey M. Ziegler and Jerred M. Ziegler, each held the other one-sixth remainder interests in the Michigan property. (Doc. 11, Ex. A, pg. 2). The interests of the Debtor and the Defendants are subject to a life estate in the property held by Sally Zeigler, who is currently seventy-eight years of age.

On February 19, 2008, the Trustee filed this Complaint to sell the remainder interests held by the Debtor and the Defendants in the Michigan property under the authority of § 363(h) of the Code.

## DISCUSSION

The instant matter, involving the sale of property from the estate, is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)/(N)/(O). Accordingly, this Court has jurisdiction to enter final orders and judgments in this matter.

The instant matter has been brought before the Court upon the Plaintiff's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides for in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir. 1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party

Page 2

Louis Yoppolo, Trustee v. Jaynee Schwenker, et al.
Case No. 08-3034

opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

When a debtor files a petition for relief under the Bankruptcy Code, all legal and equitable interests they hold in property become property of an estate. 11 U.S.C. § 541(a). Property of the estate is subject to administration by the trustee for the benefit of the debtor's creditors. 11 U.S.C. § 323; § 704. During its administration, estate property is subject to sale by the trustee under § 363(b)(1).

In the instant matter, the Trustee filed a Motion for Summary Judgment based upon his Complaint to Sell Jointly-Owned Property under § 363(h) of the Bankruptcy Code. Section 363(h) allows a trustee to sell property, otherwise subject to sale under § 363(b)(1), in which a non-debtor has an interest, by providing:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if–
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

Page 3

>   (4) such property is not used in the production, transmission, or
>   distribution, for sale, of electric energy or of natural or synthetic gas
>   for heat, light, or power.

The trustee carries the burden of showing that a sale under § 363(h) is proper. *In re Prakope*, 317 B.R. 593, 602 (Bankr. E.D.N.Y. 2004).

A sale pursuant to § 363(h) is permissible only if the four conditions, as set forth in those paragraphs numbered (1) through (4), are met. Additionally, the applicability of § 363(h) is limited by a threshold question: whether, at the time of the commencement of the case, the debtor held an undivided interest in the property, as determined under applicable non-bankruptcy law, that was classified as a (1) tenancy in common, (2) joint tenancy, or (3) tenancy by the entirety? In the instant case, the Defendants admit in their answer that they, along with the Debtor, were joint tenants in the Michigan property at the time the Debtor's case commenced. (Doc. 7, ¶4). The Defendants also admit in their answer that, insofar as it concerns the conditions set forth in § 363(h)(4), the property at issue, being a residence, is not "used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power." Thus, the Court will confine its discussion to whether the Trustee has satisfied his burden with respect to the conditions set forth in the first three numbered paragraphs of § 363(h). For this purpose, the Court begins with this initial observation of procedure.

The Defendants did not file a Response to the Trustee's Motion for Summary Judgment, or provide any other evidence contradicting the Trustee's position. Therefore, the Court must rely solely on the arguments and evidence provided by the Trustee in deciding this motion. These materials consist of the Trustee's Memorandum in Support of Motion for Summary Judgment and his affidavit, which includes a copy of the Warranty Deed for the property at issue. FED.R.CIV.P. 56(e) (allows the Court to consider evidence submitted in affidavits).

Louis Yoppolo, Trustee v. Jaynee Schwenker, et al.
Case No. 08-3034

Looking at the first element of § 363(h), whether partition in kind is impracticable, the Trustee's Affidavit states that the "property consists of a single family residence or cottage and, therefore, it would be impracticable to partition this property in kind." (Doc. 11, Ex. A, ¶3). Although a bald assertion, the Court finds this a credible statement. This Court can accept, as have other courts, that as a general proposition "[w]here property is a single family residence, there is no practicable manner of partition other than a sale and division of the proceeds." *In re Zeigler* 320 B.R. 362, 382-383 (Bankr. N.D. Ill. 2005); *see also Bakst v. Griffin (In re Griffin)*, 123 B.R. 933, 935 (Bankr. S.D. Fla. 1991). Therefore, the Court finds that the Trustee has sustained his burden, under the first element of § 363(h), that it would be impracticable to partition the property in kind.

The second element of § 363(h) requires the Trustee to show that the sale of the estate's undivided interest would realize significantly less for the estate than the sale of the property free of the interests of any co-owners. In support thereof, the Trustee relies on his affidavit statement which provides that, "[b]ased upon my experience as a Trustee for this Court nearly 20 years, . . . a sale of the Estate's undivided interest in this property would realize less for the Estate than a sale of the property free and clear of the interests of co-owners." (Doc. 11, Ex. A, ¶4). The Court again finds this a credible statement.

Similar with the previous element, this Court concurs with those other courts which, when examining the issue, have found that "[i]t is generally accepted that the sale of a bankruptcy estate's undivided interest will generate substantially less than the sale of the property free of each owner's interest because of the chilling effect that the sale of the undivided interest usually has on prospective purchasers of the property." *Maxwell v. Barounis (In re Swiontek)* 376 B.R. 851, 866 (Bankr. N.D. Ill. 2007) (court took judicial notice that a sale of the estate's undivided interest would realize less than a sale of the property free of the interest of co-owners); *see also Maiona v. Vassilowitch (In re Vassilowitch)* 72 B.R. 803, 807-808 (Bankr. D. Mass. 1982). Therefore, without evidence to the contrary from the Defendants, the Court finds that the Trustee has met his burden under § 363(h)(2).

Page 5

**Louis Yoppolo, Trustee v. Jaynee Schwenker, et al.**
**Case No. 08-3034**

The third element of § 363(h) requires the Trustee to show that the benefit to the estate in selling the property outweighs the detriment to the co-owners. Detriment has been defined as "economic hardship, as well as any loss, harm, injury or prejudice resulting from the involuntary displacement." *In re Phillips* 379 B.R. 765, 796 (Bankr. N.D. Ill. 2007); *see also Armstrong v. Trout (In re Trout)* 146 B.R. 823, 829 (Bankr. D. N.D. 1992). A court may also consider the emotional detriment that the co-owners may face if a sale were to occur. *Harris v. Harris (In re Harris)* 155 B.R. 948, 950 (Bankr. E.D. Va. 1993). For the estate, the primary concern is whether a significant dividend will be realized. *In re Vassilowitch* at 807-808. Thus, if the trustee would receive little or no money from a sale due to liens or other encumbrances on the property, then the minimal benefit to the estate may be outweighed by the detriment to the co-owners. *Matter of Ray*, 73 B.R. 544 (Bankr. M.D. Ga. 1987).

Looking first in this matter to the benefits the estate would receive, the unrefuted facts show that the property is unencumbered and has an estimated value ranging from $289,000 to $500,000. Thus, the estate, inuring to the Debtor's one-sixth remainder interest in the property, stands to gain, at some point in the future, a possessory interest in the property ranging in value from $48,167.00 to $83,333.00. On its face, this is a significant benefit for the estate, especially considering that the Debtor's unsecured debts total $65,715.77. To be sure, the Parties' remainder interests may not become possessory for many years to come. Nevertheless, there exists the reality that the life tenant is seventy-eight years of age. As a result, the estate's remainder interest could still realize significant value at the present time.

Conversely, the detriment to the co-owners of selling the property appears to be minimal. First, as was noted in the Trustee's affidavit, the Defendants have the right of first refusal under

Page 6

Louis Yoppolo, Trustee v. Jaynee Schwenker, et al.
Case No. 08-3034

§ 363(i).[1] Second, even if the Defendants decline to exercise their right of first refusal, they will not suffer the hardship of being displaced from the property since they currently do not have a possessory interest in the property. The Defendants have not offered any evidence to refute these findings. Thus, taking all of these facts into account, the Court finds that the Trustee has met his burden under § 363(h)(3).

Based then on this analysis, the Court concludes that the Trustee has demonstrated all of the necessary elements of § 363(h). Accordingly, the Court authorizes the Trustee to sell the estate's interest in the Michigan property free and clear of the interests of the Defendants in the property. This holding, however, does not extend to the life estate held by Sally Zeigler. *Sargent v. Sargent (In re Sargent)* 337 B.R. 661, 667 (Bankr. N.D. Oh. 2006) (life estate not subject to sale under § 363(h)).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

---

[1] Section 363(i) provides:

> Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

Page 7

Louis Yoppolo, Trustee v. Jaynee Schwenker, et al.
Case No. 08-3034

Accordingly, it is

**ORDERED** that the Motion of the Plaintiff/Trustee, Louis Yoppolo, for Summary Judgment, be, and is hereby, GRANTED.

It is **FURTHER ORDERED** that, pursuant to 11 U.S.C. § 363(b) and § 363(h), the Trustee is hereby authorized to sell the estate's 1/6th remainder interest in the property located at 4634 Round Lake Highway, Manitou Beach, Michigan, free from the claims of the five Defendants, Jaynee M. Schwenker, Jill M. Ziegler-Rasche, Joseph M. Ziegler, Jeffrey M. Ziegler and Jerred M. Ziegler, who also hold a remainder interest in the property.

Dated: October 2, 2008

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 2nd day of October 2008 to:

Louis J Yoppolo
300 Madison Ave, #1200
Toledo, OH 43604

Jaynee M. Schwenker
4593 Trailane Drive
Hilliard, OH 43026

Jeffrey M. Ziegler
3185 Deer Creek Drive
Lambertville, MI 48114

Jerred M. Ziegler
P.O. Box 2652
Toledo, OH 43606

Joseph M. Ziegler
35 Winding Creek
Sylvania, OH 43560

Jill M. Ziegler-Rasche
408 W. Auglaize Street
Wapakoneta, OH 45895

Michelle Kranz
6620 W Central Ave, #200
Toledo, OH 43617

/s/Diana Hernandez
Deputy Clerk, U.S. Bankruptcy Court